# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROBERT STEVEN ELLIOT, II,

    Movant,

vs.                                                                 No. CV 20-00567 RB/LF
                                                                     No. CR 16-00198 RB

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

THIS MATTER is before the Court on the handwritten motion to toll the statute of limitations filed by Movant, Robert Steven Elliot, II on June 10, 2020 (CV Doc. 1; CR Doc. 46) ("Motion"). The Court has also reviewed the docket in criminal case no. CR 16-00198 RB. Movant Elliot's Motion challenges his conviction and sentence in CR 16-00198 RB and expresses concern that the statute of limitations may run as early as June 24, 2020. (CV Doc. 1 at 1; CR Doc. 46 at 1).

Because the Court cannot prospectively toll the running of the statute of limitations, the Court intends to recharacterize Elliot's Motion as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. While the limitation period may be equitably tolled, equitable tolling is applied retroactively, not prospectively. *See, e.g., Pennsylvania v. Finley,* 481 U.S. 551 (1987); *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015); *Nolan v. United States,* 358 F.3d 480, 481-484 (7th Cir.2004); *Brown v. United States,* 20 Fed. App'x 373, 375 (6th Cir.2001). The Court is without authority to prospectively toll the statute of limitations. *United States v.*

*Yarrington*, 838 F. Supp. 2d 832, 834 (C.D. Ill. 2012).  Instead, the Court intends to recharacterize Elliot's filing as a § 2255 motion.

> Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when
>
>> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . .the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383.  Consistent with *Castro,* the Court notifies Elliot that it intends to recharacterize his Motion as a first § 2255 motion and afford him an opportunity to withdraw the motion or to amend it to add additional claims he may have.  *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify ***all grounds*** for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." (emphasis added)).  If Elliot fails to timely amend or withdraw his Motion, then Elliot's Motion will be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h).

**IT IS ORDERED** that Movant Robert Steven Elliot, II is **GRANTED** leave to amend or withdraw his Motion (CV Doc. 1; CR Doc. 46), which the Court intends to recharacterize as a first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, within ninety (90) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court **MAIL** a copy of this Order, together with a form § 2255 motion and instructions, to Movant Elliot.

_____
UNITED STATES MAGISTRATE JUDGE