IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT STEVEN ELLIOTT, II,

    Petitioner,

v.                                                                                                                               2:20-cv-00567-DHU-LF

UNITED STATES OF AMERICA,

    Respondent.

## ORDER DENYING RESPONDENT'S MOTION TO SEAL

THIS MATTER comes before the Court on Respondent's Motion to Seal United States' Response to Petitioner's Amended Motion to Vacate Conviction Under 28 U.S.C. § 2255, filed on October 28, 2022. Doc. 23. In its motion, the United States asks to seal its entire response, "to ensure both Petitioner and victim's privacy interests." *Id*. Having reviewed the motion and the relevant law, the Court finds the motion is not well-taken and should be DENIED.

It is well-settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp*., 616 F.2d at 461. This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. *Crystal Grower's Corp.*, 616 F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is

presumed paramount, with the parties' interests in sealing the record or some portion of the record.  *Id*.  Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption."  *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).  "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests."  *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).

In keeping with the paramount right of public access, this Court requires a party moving for permission to file a particular document under seal to demonstrate a privacy interest sufficient to justify the sealing of the document.  The United States has failed to meet its burden.  Although the United States asserts that Petitioner has "privacy interests" that justify sealing the response, the United States cites no legal authority for this argument.  Doc. 23.  The United States also seeks to protect the "victim's privacy interests."  *Id*.  Again, however, the United States fails to cite legal authority for this argument.  In addition, the United States fails to narrowly tailor its request to seal.  Indeed, a cursory review of the response in question suggests that any legitimate privacy interests could be protected by redacting small portions of the response.  The Court, therefore, DENIES the motion to seal without prejudice.

The United States is ordered to file a new motion to seal no later than November 7, 2022, that describes the legal authority for its request to seal, and which is narrowly tailored to seal only those portions of the response which are protected by a legitimate privacy interest.  If

privacy interests can be adequately protected by redacting limited information from the response, the United States shall explain its proposed redactions, and the legal basis for sealing the redacted information. A copy of any proposed redacted version of the response must be attached to the renewed motion.

    **IT IS SO ORDERED.**

_____<br>
Laura Fashing<br>
United State Magistrate Judge